UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN DOE                                                              CIVIL ACTION

VERSUS                                                                NO. 19-13425

ADMINISTRATORS OF THE TULANE                       SECTION "D" (2)
EDUCATIONAL FUND

**DEPOSITIONS ORDER AND REASONS**

The parties have substantially agreed upon and the court has approved a plan for expedited discovery concerning the January 8, 2020, preliminary injunction hearing in this matter. Record Doc. Nos. 14, 17, 19. Four issues concerning depositions to be completed in December 2019 remain to be resolved. In light of the time constraints necessitated by the circumstances, the court directed the parties to forego ordinary motion practice and to brief the unresolved issues for expedited determination. They have now done so. Record Doc. Nos. 22, 24.

The four remaining issues involve plaintiff's request to exceed by a single deposition[1] the 10–deposition limit set in Fed. R. Civ. P. 30(a)(2)(A)(i); and defendant's requests to (1) prohibit plaintiff from deposing non-party Tulane students, except for the complainant against plaintiff; (2) limit the scope of plaintiff's questioning of the complainant; and (3) limit the scope of all deposition questioning; specifically, by prohibiting questions related to plaintiff's "allegations . . . of false statements, conducting an independent investigation, and attacks on credibility which indicate an intent to re-try the student conduct investigation"

---

[1] In initial discussions to plan this discovery, plaintiff indicated a desire to take twelve (12) depositions. He has now reduced this request by one to eleven (11) depositions. Record Doc. No. 24 at p. 1.

at the center of plaintiff's claims. Record Doc. No. 22 at p. 1. For the following reasons, plaintiff's request to take eleven (11) depositions is GRANTED, and defendant's requests are DENIED. The limit for depositions in advance of the preliminary injunction hearing is eleven (11) per side, and the limits on the scope of deposition examination of the type sought by defendant will <u>not</u> be imposed.

As to the deposition limit, Fed. R. Civ. P. 30(a)(2) provides: "A party <u>must</u> obtain leave of court, and the court <u>must</u> grant leave <u>to the extent consistent with</u> Rule 26(b)(1) <u>and</u> (2): . . . (A) if the parties have not stipulated to the deposition and:  (i) the deposition would result in more than 10 depositions being taken under this rule" by either side.  (Emphasis added).  In determining whether permitting additional depositions is consistent with Rule 26(b)(**1**),  the court must consider whether the discovery is <u>both</u> relevant to any party's claims and defenses and proportional to the needs of the case. The proportionality component of Rule 26(b)(1) requires that the court consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit." Significantly, "[i]nformation within the scope of discovery **need not be admissible** in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1)(emphasis added).

In determining whether permitting the single additional deposition plaintiff seeks is consistent with Rule 26(b)(**2**), the court must consider, in addition to the scope of discovery set out above, whether "the discovery sought is unreasonably cumulative or duplicative, or

can be obtained from some other source that is more convenient, less burdensome, or less expensive;" and "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; . . ." Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii).

Evaluating these factors insofar as they apply to the preliminary injunction hearing militates in favor of permitting plaintiff to exceed the ten deposition limit by one for that limited purpose at this time.[2] Although the amount in controversy is unknown, the number of witnesses already identified is not extensive. Defendant has superior access to the information, and permitting the additional deposition will mitigate that advantage. The parties' resources appear approximately equal and sufficient to bear the time and expense of

---

[2]Although plaintiff's memorandum states that plaintiff seeks "to depose a total of eleven people," Record Doc. No. 24 at p. 1, I note that the parties' Joint Discovery Plan, which the court previously approved and adopted, lists potential deponents many more than the limit, by including "[a]ny physician, psychologist, social worker, counselor or healthcare provider identified by Plaintiff that he has consulted regarding the damages alleged in this suit." Record Doc. No. 17 at p. 2, ¶1(a)(xi). The eleven depositions I permit at this time apply to discovery necessary for the preliminary injunction hearing and any equitable relief that might be available, not for trial at which the legal remedy of compensatory damages also sought by plaintiff, Record Doc. No. 1 (Complaint at ¶'s 188–89, 200–01, 210–11, 215, 222–23), might later be awarded. A preliminary injunction is an extraordinary equitable remedy that may be granted only if plaintiff clearly carries his burden of establishing four essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause defendants; and (4) the injunction will not disserve the public interest. Southern Co. v. Dauben Inc., 324 Fed. Appx. 309, 2009 WL 1011183, *4 (5th Cir. 2009) (citing Sugar Busters LLC v. Brennan, 177 F.3d 258, 265 (5th Cir. 1999). Part of the requisite showing is "a substantial threat of irreparable injury if the injunction is not issued." DSC Commc'ns Corp. v. OGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996) (emphasis added). If plaintiff intends to establish the irreparable injury component of his burden through the deposition testimony of any of the professionals identified above, he must include them in his eleven allotted depositions at this time and exclude others. Of course, defendant may take the depositions of any such witnesses within its separate allotted depositions. Whether plaintiff may be allowed additional depositions beyond the deposition limit for the broader purposes of trial, including awardable damages, is for later consideration.

the single additional deposition. The issues at stake are important in terms of the current and future academic status and aspirations of plaintiff, a proper evaluation and consideration of the serious claim of the complainant, the adequacy and appropriateness of defendant's policies and practices and the public interest reflected in Title IX and the directives of the United States Department of Education concerning it. See, e.g. Record Doc. No. 1 at pp. 11–12, ¶¶ 45–52, 76–79. The significant roles of the identified witnesses in connection with plaintiff's clearly asserted claims are either detailed in plaintiff's complaint (Record Doc. No. 1, Dr. Zacharda, ¶ 23; M. Smith, ¶¶ 58–64; Lex Kelch-Brickner, ¶ 122; D. Broussard, ¶¶ 30, 130–36; complainant's non-party Tulane student friends, ¶¶ 114-19) or obvious on the face of their functions (defendant's appeal panel members, plaintiff, complainant). I discern no undue cumulation, duplication or other more convenient or less burdensome means or opportunity by which plaintiff may obtain the information within the knowledge of these witnesses. As discussed below and contrary to defendant's arguments, their testimony is uniformly relevant and important to resolution of the issues in the case. Balancing these factors establishes that the single additional deposition over the limit is appropriate in this case in connection with the preliminary injunction hearing.

Defendant's requests for limitations on the scope of questioning during the depositions as a whole and complainant's deposition testimony specifically, and to prohibit the depositions of other non-party students, are in effect requests for a protective order pursuant to Fed. R. Civ. P. 26(c)(1), which provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the . . . discovery; (B) specifying terms, . . . for the . . . discovery; [and] forbidding inquiry into certain matters, or limiting the scope of . . . discovery to certain matters; . . . .

(emphasis added). The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); see also United States v. Talco Contractors, Inc., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

As to the limitations, defendant requests that this court restrict deposition questioning to three topic areas, while precluding examination concerning eight broader categories of inquiry. Record Doc. No. 22 at pp. 7–8. In support of its requests, defendant relies heavily upon the decision of a federal trial court in Florida in Doe v. Lynn Univ., Inc., 2017 WL 275448 (S.D. Fla. Jan. 19, 2017). The Florida court conducted a painstaking pre-deposition review of 120 proposed deposition questions, which a magistrate judge initially reduced to 15 permissible questions, with the reviewing district judge's subsequent revision of what could and could not be asked in affirming in part and reversing in part the magistrate judge's decision. Doe v. Lynn Univ., 2017 WL 275448, at *4, *6–*8. In addition, defendant seeks to preclude altogether the depositions of any non-party Tulane University students, other than

complainant herself. Record Doc. No. 22 at pp. 12–15. It argues that the students' knowledge is limited to the underlying incident itself and would not extend to the adequacy of the University's policies, procedures and administrative record concerning the incident.

Essentially for two reasons, I find that defendant has failed to sustain its burden to show good cause to support the protective order it seeks. First, the Florida decision is neither Fifth Circuit precedent binding upon this court nor persuasive in any way. I find that applying the Florida decision to the circumstances presented by the instant case would shrink permissible discovery to a level far below what is permitted by Rule 26(b)(1) and contemplated by a recent decision of the Fifth Circuit describing the essential elements of plaintiff's claims as to which plaintiff has the burden of proof. Adopting defendant's proposed examination restrictions and prohibition would unduly truncate plaintiff's opportunity through discovery to sustain the heavy burden he must bear at the preliminary injunction hearing.

One example from defendant's memorandum, when measured against the Fifth Circuit's explanation of plaintiff's claim, suffices to illustrate defendant's unduly restrictive view of what is relevant to the claims and defenses in this case and the threat to appropriate discovery process posed by defendant's proposed restrictions. Citing a federal district court decision from Pennsylvania, defendant argues that deposition questioning should be prohibited concerning plaintiff's express claims and allegations asserted in his complaint and his motion for injunctive relief

> that refute [complainant] Roe's claim and **cast significant doubt on her credibility and that of at least one of Roe's key witnesses** . . . . [and] accuse[] non-party Complainant Jane Roe of providing 'false and inconsistent statements' during the investigation regarding the alleged events. . . . Such accusations by Plaintiff of 'false and inconsistent statement ,' as well as allegations by Plaintiff that he is conducting his own 'independent investigation' to identify witnesses who may have personal knowledge that 'refute Roe's claim and **cast significant doubt on her credibility and that of at least one of Roe's ley witnesses**,' are precisely the sort of discovery inquiries that are <u>not</u> relevant to the Title IX erroneous outcome claim at issue.

Record Doc. No. 22 at pp. 8–9 (underlined emphasis in original; bold face emphasis added)(citing <u>Saravanan v. Drexel Univ.</u>, 2017 WL 5659821, at *4 (E.D. Pa. Nov. 24, 2017)).

Defendant's argument in this regard conflicts with the Fifth Circuit's explanation of these kinds of claims in its decision little more than two months ago in <u>Klocke v. Univ. of Texas at Arlington,</u> 938 F.3d 204 (5th Cir. 2019). In <u>Klocke</u>, the Fifth Circuit agreed with and adopted the "framework" enunciated by the Second Circuit in recognizing the kind of "erroneous outcome" Title IX cause of action based on gender bias that plaintiff asserts in this case. <u>Id.</u> at 210.

Significantly, in describing the plaintiff's burden of proof, the Fifth Circuit stated, "A plaintiff alleging an erroneous outcome claim must point to 'particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding' – **for instance, 'a motive to lie on the part of a complainant or witnesses,** [or] particularized strengths of the [disciplined student's] defense.' If no such doubt exists <u>based on the record before the disciplinary tribunal</u>, the claim must fail. The plaintiff must also demonstrate a

'causal connection between the flawed outcome and gender bias." Id. (bold face emphasis added; underlined emphasis in original).

As strictly a pleading matter, the detailed allegations about the record before the University's disciplinary tribunal contained in the complaint are sufficient to cast doubt on the outcome of the University proceedings. Beyond mere pleading, however, defendant's request to restrict and/or prohibit the deposition testimony in this case, particularly of the complainant and the single other non-party student whom plaintiff seeks to depose, would preclude discovery of facts, if any exist, necessary to prove a motive to lie on the part of complainant or other witnesses against plaintiff in the University's proceedings, which appear to be a particular strength of plaintiff's defense to the underlying charge. The Klocke decision establishes that a complainant's motive to lie as a particular strength of the disciplined student's case is relevant.

Second, adopting the pre-deposition screening approach undertaken by the Florida court, even in the less comprehensive way proposed by defendant, would undermine both the fundamental purpose of discovery and the structure of Fed. R. Civ. P. 30(c)(2), which governs the manner in which depositions are to be conducted. Defendant's arguments in support of its overreaching requests to prohibit some depositions altogether and to limit the topics as to which other deposition examination might occur amount to little more than an objection that plaintiff may inquire into irrelevant areas during the depositions. Apart from the fact that defendant's views about what is relevant are more restrictive than the Fifth Circuit precedent quoted above contemplates, discovery depositions are designed to proceed

pursuant to Fed. R. Civ. P. 30(c)(2), which provides: "An objection at the time of the examination – whether to evidence . . . or to any other aspect of the deposition – must be noted on the record, **but the examination still proceeds**; the testimony is subject to the objection." The kind of pre-deposition micro-management of questioning sought by defendant and sanctioned by the Florida court decision it relies upon undermines this rule and unduly truncates permissible discovery.

Defendant's concern that permitting these depositions without the restrictions it seeks will impermissibly "'retry the University's disciplinary proceeding,'" Record Doc. No. 22 at p. 4, is misplaced in the discovery context. Discovery depositions are neither trial nor preliminary injunction hearing. They occur for all purposes permitted by the Federal Rules, perhaps most importantly for "ascertaining the facts, or information as to the existence or whereabout of facts, relative to [the] issues . . . . before trial," Hickman v. Taylor, 329 U.S. 495, 500 (1947)(emphasis added), "with the basic issues and facts disclosed to the fullest practicable extent." United States v. Proctor & Gamble Co., 356 U.S. 677, 682–83 (1958). As noted above and consistently with these basic purposes of discovery, "[i]nformation within [the permissible] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Permitting these depositions to proceed as contemplated by Fed. R. Civ. P. 30(c)(2), without the restrictions and prohibitions sought by defendant, will enable defendant to preserve its objections and prevent retrial of its disciplinary proceedings if its objections are sustained at the preliminary injunction hearing

or trial, without depriving plaintiff of the opportunity the depositions provide to obtain proof sufficient to sustain his daunting burden.

For all of the foregoing reasons, each side is permitted eleven (11) depositions in preparation for the preliminary injunction hearing,[3] and the restrictions on questioning proposed by defendant are not imposed.

New Orleans, Louisiana, this \_\_\_22d\_\_\_ day of November, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. WENDY B. VITTER**

---

[3]At the conclusion of its memorandum concerning these issues, plaintiff "requests that the Court order Tulane to produce a copy of the student disciplinary file with the names of the student witnesses so that he can determine if any other student witnesses should be deposed or called to trial in this matter." Record Doc. No. 24 at pp. 13-14. I decline to do so at this time, finding the eleven depositions permitted to each side sufficient for purposes of the preliminary injunction hearing. In planning and scheduling their expedited discovery for the preliminary injunction hearing, the parties declined my suggestion that they agree upon the exchange of enhanced disclosures, opting instead to undertake formal written discovery. Plaintiff's request will be determined on a motion to compel, if necessary. However, given the time constraints faced both by the parties and the court, imposed because of the parties' desire to resolve the injunction motion before commencement of defendant's next semester of classes, any such motion will not prompt further expansion of the depositions limit, at least not for the preliminary injunction hearing. If plaintiff seeks to reserve one or more his allotted eleven pre-injunction hearing depositions to obtain the speculative testimony of a student whose identity he presently does not know, he must eliminate a similar number of his currently planned depositions.