UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN DOE, | * | ACTION NO.: 2:19-CV- |
| | * | 13425-WBV-JCW |
| Plaintiff | * | |
| | * | SECTION: "D" DISTRICT |
| v. | * | JUDGE VITTER |
| | * | |
| THE ADMINISTRATORS OF THE TULANE | * | MAGISTRATE: JUDGE |
| EDUCATIONAL FUND, | * | WILKINSON |
| | * | |
| Defendants | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Plaintiff, John Doe, through undersigned counsel, in accordance with the Joint Discovery

Plan entered by this Court (R. Doc. 17), respectfully submits this Memorandum in Opposition to

the Motion to Compel Discovery filed by Defendant, The Administrators of the Tulane

Educational Fund ("Defendant" or "Tulane"), objections to Plaintiff taking depositions of non-

party witnesses who are Tulane students and taking in excess of ten depositions.  As explained

herein, Plaintiff has fully and completely responded to date to Defendant's Interrogatories and

Requests for Production of Documents by supplementing his responses and production, as Plaintiff

agreed to do.  Defendant's Motion to Compel is, therefore, moot and should be denied.

At the December 2, 2019 meet and confer conference between counsel, objections to the

discovery responses of both parties were addressed.  *See* Ex. "A," Correspondence from Ms.

Schilling, attached hereto.  Tulane agreed to remedy some of the issues raised by Plaintiff, but as

to some of the most relevant information and documents in the case (i.e., sexual misconduct

presentations containing statements made by Tulane officials, training materials related to Title IX, and external governmental investigations of Tulane's handling of sexual misconduct cases), Tulane selected an arbitrary timeframe that is divorced from the face of the Complaint and Title IX jurisprudence and objected to the relevance of such materials beyond that date. *See* Rec. Doc. 30. Tulane, however, raised several issues that it wanted addressed with regard to Plaintiff's responses to certain interrogatories and requests for production of documents. *See id.* Counsel for Plaintiff agreed to supplement its responses and to supplement its production to address each of the issues raised by defense counsel, notwithstanding counsel's reasonable belief that some of the requests are not relevant to the preliminary injunction hearing (such as Plaintiff's employment history) or are premature at this time (such as Plaintiff producing every document that supports the allegations of the Complaint when discovery has just begun). *See id.*

Counsel for Plaintiff agreed to supplement his responses and production to provide full and complete responses (to the extent possible at this time) by close of business today, December 6, 2019, and Plaintiff produced the timely responses. *See* Ex. "B," Email Transmittal, attached hereto. Specifically, as agreed, Plaintiff provided the additional details regarding treatment with his psychologist (Interrogatory No. 3); Plaintiff provided his employment history (Interrogatory No. 4); Plaintiff provided full copies of his HIPPA Authorization and an executed Personnel Records Authorization (Requests No. 20 and 21); and Plaintiff produced the documents in his possession, custody, or control that he has identified to date that support the allegations in the Complaint (Interrogatory Nos. 9-14 and Requests No. 1, 2, 3, 5, 6, 8, 10, 11, 12, 13, 14, 15, 16). *See* Ex. "A." Plaintiff also diligently searched again for any responsive communications and produced such communications, along with a privilege log, with the additional 613 pages of documents he produced. *See* Ex. "B."

While Plaintiff anticipates that he will supplement his responses and production as the case proceeds, given that discovery is only in its initial stages and he has had very limited opportunity to develop the facts of his case, he has fully complied with the discovery requests to date.  As such, Plaintiff has provided full and complete responses, and there is nothing further to compel at this time.  Defendant's Motion to Compel is moot, and Plaintiff respectfully requests that the Motion be denied.

December 6, 2019

Respectfully Submitted,

/s/ *Ellie T. Schilling*
Ellie T. Schilling, 33358
Ian L. Atkinson, 31605
Schonekas, Evans, McGoey
& McEachin, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Facsimile: (504) 680-6051
ellie@semmlaw.com
ian@semmlaw.com

-and-

Samuel A. Josephs, (*pro hac vice*)
Lindsey M. Hay, (*pro hac vice*)
Spertus, Landes & Umhofer, LLP
617 W. 7th Street, Suite 200
Los Angeles, CA 90017
Telephone: (213) 205-6520
Facsimile: (213) 826-4711
sjosephs@spertuslaw.com
lhay@spertuslaw.com

*Attorneys for John Doe*