UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DOE | CIVIL ACTION |
| VERSUS | NO. 19-13425 |
| ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND | SECTION "D" (2) |

**ORDER ON MOTION**

APPEARANCES:   None (on the record)

MOTION:   Defendant's Re-Urged Motion to Compel Discovery, Record Doc. No. 40

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. Defendant's motion is granted as to the text messages, which have been identified as DOE-000543–000555. While the individual redactions, standing alone, may be irrelevant and therefore arguably unresponsive to the request, they are part and parcel of extended text message conversations that provide context for the unredacted snippets that are clearly relevant and go to the nature of the relationship between witnesses and plaintiff indicative of their credibility. The text messages must be produced in their entirety without redactions no later than December 29, 2019 at 10:00 a.m.

 Defendant's motion is granted in part and denied in part as to the emails listed in plaintiff's privilege log. On one hand, I find from the overall context of the materials submitted to me for in camera review, including but not limited to the time and scope of plaintiff's counsel's hands-on involvement and plaintiff's separate text message communication with a potential witness anticipating this litigation, that the draft witness statements were prepared by plaintiff's counsel in anticipation of litigation. See Fed. R. Civ. P. 26(b)(3)(A); Hickman v. Taylor, 329 U.S. 495, 511–14 (1947); Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp., 2014 WL 3385130, at *4 (E.D. La. July 10, 2014). On the other hand, the emails from plaintiff's counsel to the witnesses, standing apart from the attached draft witness statements themselves, are mere transmittals, made for the principal purpose of transmitting the work product. While some kinds of email communications between a lawyer and a witness might constitute work-product, these particular transmittal emails, standing alone, do not reflect "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative . . . ." See Fed R. Civ. P. 26(b)(3)(B). Accordingly, defendant's motion is granted in that the

transmittal emails must be produced no later than December 29, 2019 at 10:00 a.m. because they are not work-product, but denied as to the attached draft statements, which are attorney work-product, are not discoverable and need not be produced.

The rulings above apply to defendant's subpoenas duces tecum to the student witnesses, Record Doc. No. 45-2 at pp. 1–55, and the subpoenas are hereby modified to exclude any draft statements prepared by plaintiff's counsel and provided to them.

New Orleans, Louisiana, this ___18th___ day of December, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE