**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHN DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13425-WBV-JCW** |
| **THE ADMINISTRATORS OF THE TULANE** | |
| **EDUCATIONAL FUND** | **SECTION D(2)** |

## <u>ORDER</u>

Before the Court is the Motion for Appeal/Review of Magistrate Judge Decision (R. Doc. 32), filed by the Defendant, the Administrators of the Tulane Educational Fund.

In its Objections to Taking Depositions[1], Defendant requests the Court to (1) prohibit plaintiff from deposing non-party Tulane students [except for Jane Roe]; (2) limit the scope of plaintiff's questioning of Jane Roe; and (3) limit the scope of all deposition questioning. Defendant requests the Court to "Provide reasonable limitations on the depositions of Complainant Jane Roe consistent with decisional authorities . . . including relevant scope and tone of questioning regarding Title IX erroneous outcome and breach of contract claims at issue for the preliminary

---

[1] R. Doc. 22.

injunction hearing."[2]   Plaintiff opposed the Objections, asserting that he is suing Tulane under Title IX

> for erroneous outcome and for contract breach, both on the theory that Defendant's investigation was so flawed that John Doe was denied a fair and neutral process.   It is the investigation itself that Plaintiff seeks to explore, and no single witness to the process possessed more information about it, and can shed more light on the erroneous credibility findings on which the investigator relied, than Jane Roe.

R. Doc. 24, p. 8. Plaintiff further states "An unfettered deposition of Jane Roe is the only way for Doe to determine whether Tulane performed a fair, impartial, and complete investigation, and Tulane should not be allowed [to] frustrate that effort by unnecessarily limiting discovery."[3]   Plaintiff further requested to exceed by a single deposition the 10-deposition limit set in Fed. R. Civ. Proc. 30(a)(2)(A)(i).

The Magistrate Judge evaluated Defendant's request to limit the scope of questioning in any deposition as a request for a protective order pursuant to Fed. R. Civ. Proc. 26(c)(1) and analyzed whether Defendant had shown "good cause" to support the issuance of a protective order.[4]   The Magistrate Judge found that the Defendant failed to sustain its burden to show good cause.   The Magistrate Judge granted Plaintiff's request to take eleven depositions.

The Court notes that United States Magistrate Judge Joseph C. Wilkinson, Jr.'s Order (R. Doc. 25) notes the important issues at stake in this matter, including the current and future academic status and aspirations of the plaintiff.   The Court is

---

[2] R. Doc. 22, p. 1.
[3] R. Doc. 24, pp. 8-9.
[4] R. Doc. 25.

also mindful of the important and sensitive nature of the complaint by Jane Roe, as it would be with any person alleging sexual assault.

The Court further notes that it is not ruling, nor has it been asked to rule, on the *admissibility* of evidence in trial.  Rather, the issue before the Court is an appeal of a Magistrate Judge's Order regarding whether to limit discovery [of potential evidence] in the form of a deposition.   The Magistrate Judge correctly notes in his Order that discovery depositions are designed to proceed pursuant to Federal Rule Civil Procedure 30(c)(2), which provides: "An objection at the time of the examination—whether to evidence  . . . or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is subject to the objection."[5]  Judge Wilkinson further correctly recites the purpose of discovery, for "ascertaining the facts, or information as to the existence or whereabout of facts, relative to [the] issues . . . . before trial."[6]

The Court finds that Magistrate Judge Wilkinson's ruling is not clearly erroneous or contrary to law; rather, it is well-reasoned and supported by Fifth Circuit jurisprudence.  The Court has no doubt that counsel will conduct themselves with the same sensitivity and professionalism in any depositions allowed in this matter that they have shown in court during these proceedings.

---

[5] R. Doc. 25, p. 2.
[6] R. Doc. 25, p. 9, citing *Hickman v. Taylor*, 329 U.S. 495, 500 (1947).

IT IS HEREBY ORDERED that the Motion for Appeal/Review of Magistrate Judge Decision (R. Doc. 32) is DENIED.

New Orleans, Louisiana, this the 19th day of December, 2019.


_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**