## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DOE, | * **ACTION NO.: 2:19-CV-** |
| | * **13425-WBV-JCW** |
| Plaintiff | * |
| | * **SECTION: "D" DISTRICT** |
| v. | * **JUDGE VITTER** |
| | * |
| THE ADMINISTRATORS OF THE TULANE | * **MAGISTRATE: JUDGE** |
| EDUCATIONAL FUND, | * **WILKINSON** |
| | * |
| Defendants | * |
| | * |

\*     \*     \*     \*     \*     \*     \*     \*

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO TAKE PERPETUATION DEPOSITION OF LEX KELCH-BRICKNER

Plaintiff John Doe, through undersigned counsel, respectfully files this Memorandum in opposition to Defendant, The Administrators of the Tulane Educational Fund's ("Defendant" or "Tulane"), motion for leave to take perpetuation deposition of Lex Kelch-Brickner after the December 27, 2019 discovery deadline and in lieu of her live testimony at the January 8, 2020 preliminary injunction hearing.

As Defendant details in its motion, the expedited discovery schedule in this matter is exceedingly tight, and consists of eleven depositions in addition to document production and other preparation necessary for the parties' appearance at the preliminary injunction hearing on January 8. Squarely in the middle of that schedule, of course, are the Christmas and New Year holidays. Defendant now seeks to force an additional deposition of a witness who has been deposed once already, for a perpetuation deposition made necessary only by Defendant's refusal to question the

witness at her initial deposition, during which there was ample time.  Defendant's request is unreasonable.

Contrary to Defendant's characterization, consent to a perpetuation deposition is not being "inexplicably withheld" by Plaintiff. Defendant notes that it emailed Plaintiff's counsel on December 16 at 6:49 p.m. that Ms. Kelch-Brickner would not be made available to testify at the January 8 hearing, and "Defendant received no response and no objection from any of Plaintiff's counsel to this e-mail."  Def. Mtn. at 3.  As Defendant knows, Plaintiff's counsel was conducting depositions in this matter all day on December 16 and 17, after which counsel travelled to North Carolina for the deposition of this very same witness and deposed the witness on December 18. Plaintiff can certainly represent to this Court that his counsel is working day and night to prepare for each day of depositions and prepare for the January 8-9 hearing. Plaintiff's counsel discussed with Defendant's counsel his reasons for objecting to a perpetuation deposition the morning of the deposition on December 18.

Plaintiff's counsel noted that there was plenty of time for Defendant's counsel to question Ms. Kelch-Brickner that day, obviating the need for a perpetuation deposition.  While Defendant calls this offer a "belated demand by Plaintiff's counsel," it was neither a demand nor an unreasonable solution; indeed, it was the most appropriate one.  Plaintiff's Notice of Deposition for Ms. Kelch-Brickner's December 18 deposition stated that "the deposition will be conducted pursuant to the Federal Rules of Civil Procedure and will be taken **for all purposes consistent therewith, including perpetuation**."  (*See* Exhibit A.)  Defendant apparently became aware of Ms. Kelch-Brickner's scheduling conflict on December 16, and by December 18, Plaintiff had not consented to a perpetuation deposition; Defendant should therefore have been prepared to question

Ms. Kelch-Brickner at the deposition.  Furthermore, Plaintiff had arranged for the video recording of that deposition, so that such testimony could be used at trial.

Plaintiff, too, has fully cooperated in all respects with the expedited discovery schedule. Plaintiff's counsel traveled to Charlotte, North Carolina, in the middle of a week during which six other depositions were taking place in New Orleans, in order to depose Ms. Kelch-Brickner. Defendant's counsel proposed only a single possible date for Ms. Kelch-Brickner's deposition and indicated that it must take place in North Carolina.  (*See* Exhibit B.)  Plaintiff's counsel cooperated with both the date and the location, at great time and expense under this expedited discovery schedule.  If Defendant were permitted to take a perpetuation deposition, counsel would again have to travel to North Carolina—this time only days prior to the January 8 hearing.  There is simply not enough time for Plaintiff's counsel to fly to and from the east coast yet again while preparing for the January hearing, at which the burden of proof is Plaintiff's.  Defendant has offered to take the deposition by video, but that is insufficient; Plaintiff's counsel would want to be present for any additional deposition of this witness.

Contrary to Defendant's assertion, allowing a perpetuation deposition under these circumstances is too burdensome, and given Defendant's opportunity to question Ms. Kelch-Brickner at her deposition, it is also unreasonable.  This Court made clear to both parties at the initial status conference that witnesses would be deposed once in this matter, for all purposes.

Plaintiff respectfully requests that this Court deny Defendant's request to take a perpetuation deposition of Ms. Kelch-Brickner.

December 20, 2019

<div style="margin-left:40%">

Respectfully Submitted,

/s/ *Ellie T. Schilling*
Ellie T. Schilling, 33358
Ian L. Atkinson, 31605
Schonekas, Evans, McGoey
& McEachin, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Facsimile: (504) 680-6051
ellie@semmlaw.com
ian@semmlaw.com

-and-

/s/ *Samuel A. Josephs*
Samuel A. Josephs, (*pro hac vice*)
Lindsey M. Hay, (*pro hac vice*)
Spertus, Landes & Umhofer, LLP
617 W. 7th Street, Suite 200
Los Angeles, CA 90017
Telephone: (213) 205-6520
Facsimile: (213) 826-4711
sjosephs@spertuslaw.com
lhay@spertuslaw.com

Attorneys for John Doe

</div>